IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Drug Information Retrieval System, LLC**, a Wyoming company,<br><br>Plaintiff,<br><br>v.<br><br>**MyRxProfile, LLC**, a New Jersey company,<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

For its Complaint, Plaintiff Drug Information Retrieval System, LLC ("Plaintiff" or "DIRS") hereby alleges alleges as follows:

## JURISDICTION AND VENUE

1. This is an action including for infringement under the patent laws of the United States, 35 U.S.C. § 101, *et. seq.* This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

2. This Court has personal jurisdiction over Defendant because it is headquartered and/or has its primary place of business in this District, where it has committed the infringing acts alleged herein.

3. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b)-(c) and 1400.

## PARTIES

4. Plaintiff is a Wyoming company having its principal place of business in Florida.

5.      Upon information and belief, Defendant MyRxProfile, LLC is a New Jersey company having a principal place of business at 5 Old Stable Way, Colts Neck, NJ 07722.

## CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 8,155,887)

6.      Plaintiff incorporates by this reference all of the allegations stated in the above paragraphs.

7.      Plaintiff is the owner by assignment of U.S. Patent No. 8,155,887 ("the '887 patent") entitled "Computer Visualized Drug Interaction Information Retrieval," which duly and lawfully issued on April 10, 2012 to named inventor Leigh M. Rothschild.  A true and correct copy of the '887 patent is attached hereto as Exhibit A.

8.      The '887 patent covers the methods, systems and products claimed, and protects the exclusive right to utilize those inventions, which were not routine or conventional at the time of the inventions.

9.      The claims of the '887 patent are directed to, for example, a "computer-implemented method for computer visualization of drugs for drug interaction information retrieval," and Claim 1, for example, recites elements including, *inter alia*: (a) "acquiring, for each of multiple different substances, imagery of at least one external characteristic of a physical body of the substance;" (b) "determining an identity of each of the multiple different substances based upon the at least one external characteristic from the acquired imagery;" (c) retrieving drug interaction data for each of the multiple different substances using the determined identities;" (d) "correlating, using a processor, drug interaction data for at least one of the multiple different substances with at least one other of the multiple different substances;" and (e) "displaying the correlated drug interaction data."

10. On information and belief, Defendant has made, used, offered for sale, sold and/or imported into the United States methods and/or systems and/or products covered by the claims of the '887 patent. For example, as shown in the infringement analysis at Exhibit B, Defendant employs the method covered by Claim 1 of the '887 patent.

11. On information and belief, Defendant has caused, encouraged and aided others, including customers, to directly infringe the '887 patent having full knowledge of the '887 patent and the specific intent that its acts and the acts of its customers and/or others to directly and/or indirectly infringe the '887 patent.

12. By the acts of making, using, offering to sell, selling and/or importing the accused infringing systems and/or methods, Defendant has directly infringed the '887 patent under 35 U.S.C. § 271(a).

13. By the acts of actively inducing others to infringe the '887 patent, Defendant has infringed the '887 patent under 35 U.S.C. § 271(b). On information and belief, having knowledge of the '887 patent, Defendant specifically intended for its customers to infringe the '887 patent by using and/or re-selling the accused infringing systems and/or methods.

14. The acts of infringement asserted herein have been and continue to be deliberate and willful, at least since Defendant first learned about the '887 patent.

15. Defendant has derived and received gains, profits and advantages from the aforesaid acts of infringement, and Plaintiff has lost profits and has otherwise been damaged and is entitled to monetary relief in an amount to be determined at trial.

16. The infringement of the '887 patent has caused and continues to cause irreparable harm to Plaintiff, for which there is no adequate remedy at law, and the infringement will continue unless and until it is enjoined by this Court.

**PRAYER FOR RELIEF**

Therefore, Plaintiff prays for the following relief:

A.  A determination that Defendant has infringed the '887 patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents;

B.  An accounting for damages adequate to compensate for the patent infringement under 35 U.S.C. § 284, including Plaintiff's actual damages including lost profits, treble damages, pre-judgment and post-judgment interest, and costs;

C.  A determination of willful patent infringement, and that this is an exceptional case, and an award of attorney fees and expenses to Plaintiff under 35 U.S.C. § 285; and

D.  Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ. P. 38(b)(1) and (c), Plaintiff hereby demands a jury trial on all the issues in this action so triable of right by a jury.

Respectfully submitted,

Dated:  May 6, 2020          **LAW OFFICE OF MARK A. KRIEGEL, LLC**

/s/ Mark A. Kriegel
1479 Pennington Rd.
Ewing, NJ 08618
Tel: (609) 883-5133
Email: mkriegel@kriegellaw.com

*Attorneys for Plaintiff*